# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

VANTHANG D. NGUYEN,                      Case No. 10-19064-RGM
                                         (Chapter 7).
      Debtor.

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the debtor's motion for an expedited hearing on his motion to extend the automatic stay pursuant to §362(c)(3)(B).

The debtor filed a prior case, Case No. 10-16922-SSM, on August 17, 2010. The case was dismissed on September 2, 2010, for failure to file schedules and his statement of affairs. This case was commenced on October 26, 2010, in order to stop a foreclosure that had been scheduled for November 1, 2010. The debtor filed his motion to extend the automatic stay on December 1, 2010, which is more than 30 days after the filing of the petition in this case.

Section 362(c)(3)(A) provides that the automatic stay expires 30 days after the filing of a case if the debtor had a case pending within the preceding one-year period that was dismissed other than under §707(b). Section 362(b)(3)(B) provides that the 30-day automatic stay may be extended on the motion of a party interest which includes the debtor provided that the hearing is completed before the expiration of the 30-day period. In this case, the motion to extend the automatic stay was filed more than 30 days after the case was filed. That is outside the period provided by §362(c)(3)(B) and the court cannot grant the motion.

The court further notes that the debtor states in his motion to extend the automatic stay that he wishes to negotiate a loan modification with the lender, obtain a short sale of the property, or surrender the property to the lender. The schedules state that the property has a fair market value

of $230,000, but is encumbered with debt in the amount of $354,232.  The court would not extend the automatic stay for the purposes stated by the debtor.  The first two require the consent of the lender in order to be successful.  If the lender wishes to consent, he can do so.  The automatic stay does not affect its ability to consent.  In the event that the debtor chooses to surrender the property, the automatic stay does not assist the debtor, and, in fact, hinders the creditor.

In these circumstances, a hearing on the underlying motion for an extension of time is futile.  The motion is moot or would be denied.  Both the motions will be denied.

It is, therefore

ORDERED:

1. The motion for an expedited hearing (Docket Entry 11) is denied.

2. The motion to extend the automatic stay (Docket Entry 10) is denied.

Alexandria, Virginia
December 2, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Michael R. Strong
H. Jason Gold

16484